Dear Mr. Harson:
Reference is made to your request for an opinion as to whether you can expend the funds of the District Attorney's Office to assist two non-profit organizations that wish to purchase or lease buildings which they will use for providing certain services to the general public. Specifically, these organizations provide services to victims of domestic violence and sexual abuse. According to your correspondence, a question has arisen as to your authority to provide such funding.
Regrettably, although this office is supportive of all efforts to combat domestic violence and sexual abuse, and although the Attorney General enthusiastically supports all programs designed to assist and shelter the victims of domestic violence and sexual abuse, we are constrained to advise that a District Attorney cannot expend public funds to assist non-profit organizations, except to the extent that such funds will be used strictly for the aid and support of the indigent, and if those assisted with the public funds in question are screened, pursuant to objective criteria, to ensure that they are indigent. See Atty. Gen. Op. 97-232, copy enclosed, which determined that a District Attorney could not use the discretionary funds of his office to support organizations that deal with domestic violence if such organizations support individuals who are not needy.
La. Const. Art. VII Sec. 14(A) sets out the general rule for the prohibition of donation of public property as follows:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor any political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
A review of this provision reveals that the donation of public funds or property to public or private entities is unconstitutional. However, there is a narrow exception to this prohibition which is found in Section 14(B).
According to Section 14(B),
 "Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; . . ."
It is our opinion that appropriations to organizations such as the ones you described are authorized and constitutionally permissible only if the public funds are utilized to provide relief to those who can be classified as "needy," and if those who receive assistance are screened through objective criteria to ensure that they are truly needy. Giving funds to support groups without requiring that they are given only to the needy would constitute a prohibited donation of public funds.
In addition to Section 14(B), the courts have determined that Section 14(C) which deals with cooperative endeavors is not an exception to 14(A), but rather, that it supplements the prohibition against donations contained in Section A. Cityof Port Allen v. Louisiana Risk Management, et al.,439 So.2d 399 (La. 1983). Previous opinions of this office, as well as the above-referenced case, have recognized a three-part test for cooperative endeavors to be deemed constitutional: 1) the public agency has a legal obligation to expend public funds, 2) the expenditure must be for a public purpose, and 3) the expenditure must create a public benefit proportionate to its cost. According to the court in City of Port Allen, "even if political subdivisions cooperate for a public purpose, they still may not give away their assets . . . merely for a public purpose."
This office has construed the "legal obligation" requirement referred to in the City of Port Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty." From the facts you have stated, it does not appear that any legal obligation exists for your office to support programs dealing with domestic violence and that any intention to transfer funds from your office is purely discretionary. For this reason, the "legal obligation" requirements is not met for a cooperative endeavor.
The jurisprudence of this state makes it clear that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. InJames v. Rapides Parish Police Jury, 113 So.2d 88
(La.App. 2nd Cir. 1959), the court interpreted La. Const. (1921) Art. IV, Sec. 12, a provision almost identical to the present Art. VII, Sec. 14(A). Therein, the court stated:
 ". . . [T]hese specific prohibitions have been wisely implanted in our fundamental law, for it is conceivable that without such prohibitions the state, or a political subdivision thereof, might so deplete the public fisc by contributions to almost innumerable worthy private and semi-public enterprises as to seriously impair the necessary expense of conducting more prosaic but more important governmental functions." 113 So.2d at p. 93.
We trust this correspondence to sufficiently address your concerns. Should you have any further questions, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
Date Received: December 1, 1997 Date Released:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL